**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

ROBIN JOSEPH HESTER,                    *

    Plaintiff,                    *

v.                                      *              Civil Action No. CJC-24-3722

SAM'S CLUB STORE #6239, *et al.*,       *

    Defendants.                   *

**MEMORANDUM OPINION**

This case involves a negligence claim brought by Plaintiff Robin Joseph Hester. Before

the Court is a Motion for Summary Judgment ("the Motion") filed by Defendants Sam's Club

Store #6239 and Walmart, Inc., doing business as Sam's Club ("Sam's Club"). ECF No. 18.

Sam's Club contends that Mr. Hester cannot prove that Sam's Club was negligent under the

doctrine of premises liability. In the alternative, Sam's Club argues that Mr. Hester was

contributorily negligent or assumed the risk of his own injuries. ECF No. 18. The Motion is ripe

for review, and no hearing is necessary. Loc. R. 105.6 (D. Md. 2025). For the reasons explained

below, the Court grants the Motion.

**BACKGROUND[1]**

On December 22, 2022, Mr. Hester and his brother went to a Sam's Club store in

Timonium, Maryland, to shop for groceries. ECF No. 18-2 at 2, 16–17.[2] While in the store, Mr.

---

[1] The facts presented here, though undisputed, are recited in the light most favorable to Mr. Hester as the non-moving party. *Tekmen v. Reliance Standard Life Ins. Co.*, 55 F.4th 951, 958 (4th Cir. 2022).

[2] Citations to deposition transcripts refer to the page number provided in the transcripts. All other citations to the parties' filings refer to the page number provided in the CM/ECF filing header, not the PDF pagination.

Hester pushed a shopping cart through an aisle with vertical frozen food display cases on one side and pallets stacked with boxes of merchandise on the other. *See* Security Camera Video of Incident, ECF 18-4, at 03:03:19 [hereinafter "Surveillance Video"].[3] As Mr. Hester was walking down the aisle, he saw a forklift driven by a Walmart employee turn a corner ahead of him and proceed in his direction. *See* Surveillance Video 03:03:20. To avoid the oncoming forklift, Mr. Hester backed himself and his cart on the right side of the aisle into a gap between two pallets stacked with merchandise. *See* Surveillance Video 03:03:22–26. Behind the gap, a pallet was stacked with a single layer of boxes. ECF No. 18-3 (depicting a photograph of the pallet and boxes). As Mr. Hester was backing his cart into the gap between pallets, he fell backwards onto the pallet and injured his head. *See* Surveillance Video 03:03:27.

On October 7, 2024, Mr. Hester filed a Complaint in the Baltimore County Circuit Court alleging two counts of negligence. ECF No. 2. On December 23, 2024, Sam's Club removed Mr. Hester's lawsuit to federal court on the basis of diversity jurisdiction. ECF No. 1. On September 29, 2025, Sam's Club filed its Motion. ECF No. 18. On October 8, 2025, Mr. Hester filed a response. ECF No. 19. On October 14, 2025, Sam's Club filed a reply. ECF No. 20.[4]

---

[3] The Court cites to specific portions of the Surveillance Video by the timestamp (Hours:Minutes:Seconds) indicated at the bottom of the frame.

[4] Sam's Club contends in its opening brief that it served requests for admissions on Mr. Hester, that Mr. Hester failed to timely respond, and that therefore the matters within the requests for admissions are admitted for purposes of this Motion. ECF No. 18-1 at 4; Fed. R. Civ. P. 36(a)(3). For his part, Mr. Hester claims that he did timely serve his response to the requests for admissions and attaches the response as an exhibit to his brief. ECF No. 19 at 4; ECF No. 19-2; ECF No. 19-3. The Court need not resolve whether Mr. Hester's response was timely served, however. This is because even if the response were untimely and the matters in the requests for admissions deemed admitted, the other evidence submitted on summary judgment independently supports that judgment should be entered in favor of Sam's Club, as explained below. *Cf.* ECF No. 20 at 1 n.1.

**LEGAL STANDARD**

A court shall grant summary judgment if the movant shows there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In other words, summary judgment is appropriate when the evidence 'is so one-sided that one party must prevail as a matter of law.'" *Tekmen v. Reliance Standard Life Ins. Co.*, 55 F.4th 951, 959 (4th Cir. 2022) (citation omitted). A material fact is one that "might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (citation omitted). A genuine dispute over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, to demonstrate a genuine dispute of material fact, the nonmoving party must present sufficient evidence for a reasonable jury to rule in their favor on each essential element of their claim. *See id.*

**DISCUSSION**

In his Complaint, Mr. Hester alleges that Sam's Club was negligent by failing to give him proper warning that the workmen would be operating a forklift, failing to provide an alternate route for customers to walk through to avoid the forklift, and failing to place caution flags around the work area or to enclose the work area. ECF No. 2 ¶¶ 7–8. Sam's Club argues it is entitled to judgment because Mr. Hester presented no evidence that Sam's Club breached its duty to Mr. Hester under Maryland law. Specifically, Sam's club argues (1) that Mr. Hester has presented no evidence that Sam's Club's employees negligently operated the forklift; (2) that Mr. Hester has presented no evidence that he was not warned about the forklift moving down the aisle; (3) that Sam's Club did not breach its duty to Mr. Hester because the pallet on the floor

was open and obvious; and (4) that Mr. Hester was contributorily negligent because he failed to look behind him before backing up. ECF No. 18-1 at 8–19.

To prove negligence under Maryland law, a plaintiff must demonstrate that: "(1) Defendants owed Plaintiff a duty to protect [him] from injury; (2) Defendants breached that duty; (3) Plaintiff suffered actual injury or loss; and (4) Plaintiff's injury or loss proximately resulted from the Defendants' breach of duty." *Duncan-Bogley v. United States*, 356 F. Supp. 3d 529, 534 (D. Md. 2018) (citing *Rosenblatt v. Exxon Co., U.S.A.*, 335 Md. 58, 76 (1994)). In a premises liability case like this one, "the duty of care owed by an owner or occupier of a premises is a function of his legal relationship to the person entering on the premises." *Purviance v. Michaels Stores, Inc.*, Civil Action No. PX-23-1665, 2025 WL 696555, at *2 (D. Md. Mar. 4, 2025) (citation omitted). A person "invited or permitted to enter another's property for purposes related to the landowner's business" is considered an invitee, to which the landowner owes the "highest duty." *Tennant v. Shoppers Food Warehouse Md. Corp.*, 115 Md. App. 381, 388 (1997) (citation omitted).

A property owner breaches their duty to an invitee based on injuries sustained by a condition on the owner's property if: (1) an unreasonably dangerous condition exists on the property; (2) the condition is not an open and obvious danger to an invitee; (3) the property owner has notice of the unreasonably dangerous condition; and (4) the property owner fails to exercise reasonable care to protect the invitee against the danger. *Giant of Maryland, LLC v. Webb*, 249 Md. App. 545, 562, *aff'd*, 477 Md. 121 (2021).

The Court agrees that Sam's Club is entitled to summary judgment on Mr. Hester's negligence claim because, although Sam's Club owed a duty to Mr. Hester as an invitee, there is

no genuine dispute of material fact that Sam's Club did not breach this duty. As a result, his negligence claim fails.

## I.  Sam's Club Owed a Duty to Mr. Hester as an Invitee.

The element of duty is not in dispute, as Mr. Hester was a business invitee at the time of the incident and Sam's Club concedes that it owed a duty of care to Mr. Hester as a business invitee. *See* ECF No. 18-1 at 7–8. "The highest duty is owed to a business invitee, defined as 'one invited or permitted to enter another's property for purposes related to the landowner's business.'" *Tennant*, 115 Md. App. at 388 (quoting *Casper v. Chas. F. Smith & Son, Inc.*, 71 Md. App. 445, 457 (1987), *aff'd*, 316 Md. 573 (1989)). As an invitee, Sam's Club owed Mr. Hester a duty to exercise "reasonable and ordinary care to keep [the] premises safe for the invitee and to protect the invitee from injury caused by an unreasonable risk which the invitee, by exercising ordinary care for his own safety, [would] not discover." *Casper*, 316 Md. at 582. As discussed further below, Sam's Club did not breach this duty.

## II.  Sam's Club Did Not Breach its Duty to Mr. Hester

Mr. Hester alleges that Sam's Club breached its duty to protect him from any unreasonable dangers on the premises and failed to warn him of such dangers. *See* ECF No. 2 ¶¶ 5–8. Sam's Club argues that summary judgment is warranted because Mr. Hester has failed to produce evidence that it breached this duty. ECF No. 18-1 at 1. The Court agrees with Sam's Club's second and third arguments specifically: that there is no genuine dispute that Sam's Club adequately warned Mr. Hester of the forklift and that, even if the pallet were an unreasonably dangerous condition, the danger it posed was open and obvious. Mr. Hester's arguments to the contrary are unavailing. Because Sam's Club's second and third arguments establish that Mr.

Hester cannot succeed on essential elements of his premises liability claim, the Court need not address Sam's Club's other arguments and affirmative defenses.

### A.      Sam's Club adequately warned Mr. Hester of the forklift.

Under the fourth element of premises liability, a business has a duty to "warn invitees of known hidden dangers … and a duty to take reasonable precautions against foreseeable dangers." *Maans v. Giant of Maryland, L.L.C.*, 161 Md. App. 620, 627 (2005) (citation omitted); *Stanton v. Frank's Nursery & Crafts, Inc.*, Civil Action No. H-99-2536, 2000 WL 1751715, at *5 (D. Md. Apr. 17, 2000) (denying summary judgment in part because there were disputes of fact as to whether Defendant adequately warned customers of a wet floor). Here, Sam's Club's surveillance video confirms that Sam's Club adequately warned Mr. Hester of the approaching forklift. *See Ozah v. Fretwell*, Civil Action No. CCB-18-1063, 2021 WL 4339435, at *4 (D. Md. Sept. 23, 2021) ("[T]he video of the event quiets any possible genuine disputes of fact here."). The surveillance video shows two Sam's Club employees with bright, reflective vests surrounding the forklift, which moved at a speed no faster than the walking speed of the employee in front of it. *See* Surveillance Video 03:03:14–29. Mr. Hester was looking at the forklift as it approached. *See* Surveillance Video 03:03:19. Once the forklift began moving through the aisle, Mr. Hester and other customers did not have any trouble perceiving and avoiding the forklift. *See* Surveillance Video 03:03:22–31. The Sam's Club employees were visible enough to warn Mr. Hester of the approaching forklift, and the forklift was moving slow enough that he had time to avoid it, as other customers did. Therefore, there is no genuine dispute that Sam's Club adequately warned Mr. Hester of the forklift.

B.      **The pallet was open and obvious.**

Under Maryland law, a business invitee has "a duty to exercise due care for [their] …

own safety" on the property on which they are invited such that the property owner "has no duty

to warn an invitee of an open, obvious, and present danger." *Six Flags Am., L.P. v. Gonzalez-*

*Perdomo*, 248 Md. App. 569, 582 (2020) (citation omitted). "Whether a defect is open and

obvious usually must be reserved for the trier of fact…. However, 'where it is clear that any

[reasonable] person [in plaintiff's position] must have understood the danger, the issue may be

decided by the court.'" *Schaefer v. United States*, Civil Action No. PX-15-02690, 2017 WL

2506174, at *3 (D. Md. June 9, 2017) (quoting *C & M Builders, LLC v. Strub*, 420 Md. 268, 299

(Md. 2011)). Courts have held that a reasonable person can understand whether a danger is open

and obvious if the plaintiff's injuries "were caused by conditions that were commonly and

customarily incident to the business carried on by the inviter, and, therefore, to be expected by

the invitee and avoided by him by the exercise of the degree of vigilance which the conditions

required." *Evans v. Hot Shoppes, Inc.*, 223 Md. 235, 240 (1960).

Here, the pallet presented an open and obvious danger that Mr. Hester could have

avoided.[5] The surveillance video shows part of the pallet on the floor at the end of the gap

between the pallets that Mr. Hester backed himself and his cart into to avoid the forklift. *See*

---

[5] Sam's Club also argues that the pallet itself was not unreasonably dangerous because such pallets are common and ordinary displays for merchandise, and Mr. Hester testified that he was familiar with the store and its practice of displaying bulky items on pallets. ECF No. 18-1 at 16. While Mr. Hester does not address Sam's Club's argument in his response, his deposition testimony reflects that he believed the placement of the pallets "on the floor in front of merchandise on shelves," "at the beginning of the aisle," and "all over the store" was abnormal. ECF No. 18-2 at 21:2–10. Crediting Mr. Hester's testimony and assuming for the sake of argument that the pallets were an unreasonably dangerous condition, there is no genuine dispute of material fact that the pallets were open and obvious, thus defeating Mr. Hester's negligence claim. Indeed, Mr. Hester testified that he had no trouble seeing the pallets on the floor. ECF No. 18-2 at 21:14–16.

Surveillance Video 03:03:17. The pallet was under a shelf and was piled with a single layer of boxes. *See* ECF No. 18-3; Surveillance Video 03:03:22–30. Any reasonable person in Mr. Hester's position could have understood and avoided the danger of the pallet for three reasons. First, Mr. Hester was familiar with the store. Mr. Hester testified that he knew Sam's Club used pallets to display merchandise, ECF No. 18-2 at 28:6–17, and thus a reasonable person in his position should have expected that he may need to look out for and avoid pallets in the store. Second, the pallet was properly placed within the store. The pallet did not protrude into the aisle such that customers could easily trip over it, and it was well lit with merchandise stacked on it. *See* ECF No. 18-3; Surveillance Video 03:03:19. Based on its placement, the pallet "was an ordinary piece of business furniture, reasonably designed and located in a prominent, obvious position, and [Sam's Club] could have believed that [Mr. Hester] would observe the same and avoid injury to [him]self." *Evans*, 223 Md. At 242. Third, by exercising ordinary care, Mr. Hester could have avoided the pallet. Mr. Hester did not look behind him for any obstruction before he backed himself and his cart into the gap. *See* Surveillance Video 03:03:22–27. Had Mr. Hester glanced behind him as he was backing up, as any reasonable person would do, he would have seen the pallet at the end of the gap and stopped before he reached it. Because any reasonable person could have recognized the danger the pallet posed and avoided it by exercising reasonable care, there is no genuine dispute that the pallet was an open and obvious danger that does not subject Sam's Club to liability.

      **C.**      **Mr. Hester's arguments opposing summary judgment lack merit.**

      Mr. Hester argues that Sam's Club is not entitled to summary judgment for three reasons. The Court rejects each reason below.

First, Mr. Hester argues that a jury should decide whether Sam's Club's employees were properly trained. ECF No. 19 at 3. Specifically, he implies that Sam's Club's employees were not following the Occupational Safety and Health Administration's guidelines that require forklift operators to be trained for "[p]edestrian traffic in areas where the vehicle will be operated." *See* 29 C.F.R. § 1910.178(l)(3)(ii)(D). Mr. Hester, however, does not offer any evidence to suggest that Sam's Club's employees did not receive such training. This omission is fatal, as it is Mr. Hester's burden to present facts that establish a genuine dispute on summary judgment. *See Anderson*, 477 U.S. at 248. Because Mr. Hester has presented no facts for a jury to decide, there is no genuine dispute that Sam's Club properly trained its employees.

Second, Mr. Hester argues that because he has a mental disability, this court should apply the standard of care in a negligence claim used to decide whether the actions of a child are reasonable under the circumstances. ECF No. 19 at 3. Maryland courts have rejected this argument. *See Johns Hopkins Univ. v. Bd. of Labor*, 134 Md. App. 653, 662 (2000) ("Unless the actor is a child, his … mental deficiency does not relieve the actor from liability for conduct which does not conform to the standard of a reasonable [person] under like circumstances." (quoting Restatement (Second) of Torts § 283B (A.L.I. 1965))). The Court similarly rejects Mr. Hester's request and reviews his conduct under the standard of an ordinary, reasonable person.

Third, Mr. Hester argues that he faced an emergency situation when the forklift turned a corner in front of him and began moving in his direction. ECF No. 19 at 4. He argues that a jury should decide whether he faced an emergency and whether he reacted reasonably under the circumstances. ECF No. 19 at 4. The Court disagrees. The "mere existence" of an alleged factual dispute will not defeat a motion for summary judgment if there is no genuine dispute of material fact. *Anderson*, 477 U.S. at 247–48. As a corollary of that rule, the United States Supreme Court

has held that when videotaped evidence exists to contradict one party's allegations of events such that no reasonable jury could believe the allegations, "a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The rule stated in *Scott* applies here. Mr. Hester does not dispute the validity or authenticity of the surveillance video central to this case. The surveillance video shows the forklift, accompanied by two Sam's Club employees, moving at a reasonable speed in the direction of Mr. Hester. *See* Surveillance Video 03:03:19–24. Other customers were able to move around the forklift with no difficulty. *See* Surveillance Video 03:03:24–46. The surveillance video demonstrates that the approaching forklift did not create an emergency. Because "the record contains video footage that is not open to more than one interpretation and contradicts the non-movant's assertions" that the situation was an emergency, the Court rejects Mr. Hester's version of events. *Hall v. Wash. Metro. Area Transit Auth.*, 33 F. Supp. 3d 630, 632 (D. Md. 2014).

As illustrated above, the fact that Mr. Hester may have sustained an injury while at Sam's Club's store is insufficient to impose liability on Sam's Club. As Maryland courts have repeatedly held, a store owner is not an insurer of their customers' safety, and courts do not presume a breach of duty merely because a customer was injured in the owner's store. *E.g.*, *Giant Food, Inc. v. Mitchell*, 334 Md. 633, 636 (1994); *Webb*, 249 Md. App. at 562–63. There is no genuine dispute that Sam's Club adequately warned Mr. Hester of the forklift and that, even if the pallet was an unreasonably dangerous condition, the danger it posed was open and obvious. As a result, Mr. Hester cannot establish the second element of his negligence claim—that Sam's

Club breached the duty it owed to him as an invitee on its property. Therefore, Sam's Club is entitled to judgment as a matter of law.

**CONCLUSION**

The court GRANTS Sam's Club's Motion for Summary Judgment. A separate order follows.

Date: May 13, 2026

_____/s/_____
Chelsea J. Crawford
United States Magistrate Judge